UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JILL CARUSO**, | ) | Case No.  1:25-cv-1885 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge J. Philip Calabrese |
| | ) | |
| **PAMT INVESTMENT GROUP, LLC**, an Ohio limited liability company, | ) ) | Magistrate Judge Jonathan D. Greenberg |
| | ) | |
| And | ) | |
| | ) | |
| **GH DRIVE HOTELS LLC, an Ohio limited liability company** | | |
| Defendants. | | |

## AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, JILL CARUSO, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Amended Complaint against Defendant PAMT Investment Group, LLC, an Ohio limited liability company, and GH Drive Hotels LLC, an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.  Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*.  The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4.  Plaintiff, JILL CARUSO ("Plaintiff" or "Ms. Caruso") is a Monroe County, Michigan resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.  The Defendants PAMT Investment Group, LLC and GH Drive Hotels LLC own and operate a hotel located at 2900 GH Dr, Austinburg, OH 44010 known as Hampton Inn Ashtabula in Ashtabula County.

6.  Plaintiff has patronized Defendants' property previously as a place of public accommodation, and she has experienced the barriers to access complained of herein.

7.  The hotel owned and operated by the Defendants was originally built by the Defendants or their predecessor commencing in 1996 and granted permits for occupancy in 1996, as well as underwent alteration and renovations in 2001, and is non-compliant with the remedial provisions of the 1991 ADA Standards for Accessible Design for newly designed and constructed or altered facilities or 2020 ADA Standards as applicable. Full compliance

with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. The facility owned or operated by the Defendants PAMT Investment Group, LLC and GH Drive Hotels LLC is non-compliant with the remedial provisions of the ADA. As Defendants either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation.  Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

9. Plaintiff, Jill Caruso is diagnosed with spina bifida and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff uses a wheelchair for mobility.  As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Ms. Caruso is an avid adaptive sports fan, including wheelchair basketball.  She travels throughout the Midwest regularly to enjoy adaptive sports events, socialize with friends and in particular to watch wheelchair basketball as a major fan of the Detroit Wheelchair Pistons.  On the two nights she stayed at the property, Caruso was in the immediate Ashtabula to watch a NWBA wheelchair basketball tournament at Spire Academy, Spire Circle, Geneva, OH on November 2 and 3, 2024 which the Detroit Wheelchair Pistons participated.

11. On November 1-3, 2024, Plaintiff was an overnight guest at Defendants' property, and she plans to return to the property to avail himself of the goods and services offered to the

3

public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety and protected access to Defendants' place of public accommodation.

12.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this amended complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13.     The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14.     The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15.     A preliminary inspection of the hotel, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

**<u>Accessible Routes & Parking</u>**

   A.  The passenger loading zone lacks a marked access aisle, in violation of the ADA and

Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. There is no accessible route from the hotel facility entrances to public transportation stops and the public right-of-way, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

C. Designated accessible parking spaces throughout the property have not been maintained as evidenced by cracked and damaged asphalt, fading paint, and plowed snow obstruction, in violation of the ADA and 28 CFR 35.133, whose remedy is strictly required or, at minimum, readily achievable.

D. Designated accessible parking has excess slope, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

E. Designated accessible parking space access aisles do not connect to an accessible route, in violation of the ADA and section 402.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

F. There are changes in level in excess of ½ inch on the accessible route from the designated accessible parking and passenger loading to the hotel's lobby entrance, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.3.8, whose remedy is strictly required or, at minimum, readily achievable.

G. The north exterior hotel entrance has excess slope in the door maneuvering clearance as well as insufficient latch side maneuvering clearance enter, in violation of the ADA and Section 404.2.4.4 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy

is strictly required or, at minimum, readily achievable.

**Access to Goods and Services**

H. There is no pool lift or other accessible means of entry to the pool, in violation of the ADA and Section 242.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

I. Signage identifying the fitness room is located in excess of allowable height, in violation of the ADA and Section 216.3 of the 2010 Standards and 1991 ADAAG Section 4.30.6, whose remedy is strictly required or, at minimum, readily achievable.

J. Hooks inside the fitness room are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

K. There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and section 403.5.1 of the 2010 Standards and 1991 ADAAG Section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

L. Amenities and items in the breakfast area are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

M. The men's restroom flush control is not located on the open side of the unit, in violation of the ADA and Section 604.6 of the 2010 Standards and 1991 ADAAG Section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

N. The rear grab bar around the water closet in the men's restroom is not long enough, in violation of the ADA and Section 604.5.2 of the 2010 Standards and 1991 ADAAG

6

Section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

O.  The men's restroom mirror exceeds 40 inches in height from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and whose remedy is strictly required or, at minimum, readily achievable.

P.  The women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

**Mobility Accessible Guestroom #112**

Q.  Amenities including a towel shelf are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, is readily achievable.

R.  There is no rear grab bar around the water closet, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

S.  The mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6 whose remedy is strictly required or, at minimum, readily achievable.

T.  Grab bars inside the roll-in shower compartment are non-compliant, in violation of the ADA and Section 608.2.2 of the 2010 Standards and 1991 ADAAG Section 4.20.4, whose remedy is strictly required or, at minimum, is readily achievable.

U.  The roll-in shower faucet controls and shower spray are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall and the controls, faucets, and shower spray unit are located higher than 48 inches above the shower floor, in

7

violation of the ADA and Section 608.5.2 and 308.2.1 of the 2010 Standards and 4.21.3 and 4.21.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

V. The shower sprayer hose does not meet required length, in violation of the ADA and Sections 607.6 and 308.2.1 of the 2010 Standards and Section 4.21.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

W. The shower sprayer does not have a non-positive on/off control, in violation of the ADA and Sections 607.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable

X. There is no fixed seat in the roll-in shower, in violation of sections 608.4 of the 2010 ADA Standards and 1991 ADAAG sections 9.1.2, figure 57(a), figure 57(b) and 4.21.3, whose remedy is strictly required or, at minimum, readily achievable.

Y. Amenities inside the shower compartment, such as soap and shampoo are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

**Designated Mobility Accessible Guestroom Equipped with Bathtub**

Z. Grab bars within the bathtub compartment are non-compliant, in violation of the ADA and Section 607.4 of the 2010 Standards and 1991 ADAAG Section 4.20.4, whose remedy is strictly required or, at minimum, readily achievable.

AA. The shower sprayer hose does not meet required length and the sprayer is located above allowable reach range, in violation of the ADA and Sections 607.6 and 308.2.1 of the 2010 Standards and Section 4.21.6 of the 1991 Standards, whose remedy is strictly

required or, at minimum, readily achievable.

**Type and Number of Designated Accessible Guestrooms**

BB.     There is not the required number of designated accessible guestrooms with mobility features, whereas for a hotel with 71 total guestrooms, three mobility accessible rooms without roll-in showers are required and one with roll-in showers are required, totaling four (4) guest rooms with mobility features, in violation of the ADA and Table 224.2 of the 2010 Standards and Section 9.1.2 of the 1991 Standards whose remedy is strictly required or, at minimum, readily achievable.

CC.     The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers several different types of rooms in different class, suites, and various bed arrangements.  However, guests who require mobility accessible accommodations are restricted to a an accessible King bed room, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes including two (2) queen beds and suites.  This is in violation of the ADA and Section 224.5 of the 2010 Standards and Section 9.1.4 of the 1991 Standards whose remedy is strictly required or, at minimum, readily achievable.

**Mobility Accessible Guestrooms Generally**

DD.     Jill Caruso believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room 112). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

**Policies and Procedures**

EE.The Defendants lacks or has inadequate defined policies and procedures for the assistance

9

of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

FF. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Jill Caruso.

16. The discriminatory violations described in Paragraph 15 by Defendants PAMT Investment Group, LLC and GH Drive Hotels LLC are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires further inspection of the Defendants' place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

<u>COUNT I</u>
<u>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</u>

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by Defendants PAMT Investment Group, LLC and GH Drive Hotels LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20.    The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21.    Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 *et seq*.**

22.    Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23.    PAMT Investment Group, LLC and GH Drive Hotels LLC owns or operates a "place[s]

of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24.  Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Ms. Caruso and others with mobility impairments compliant transient lodging despite the property being granted first occupancy after the enactment of the Americans with Disabilities Act. Furthermore, the hotel lacks compliant amenities in it mobility accessible restrooms, most importantly showers for bathing, and toilets. And this hotel lacks safe and accessible routes from the passenger loading zone and accessible parking to the hotel entrances. And the hotel fails to maintain its accessible features.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
Email: obdjr@owendunnlaw.com

And

Brian A. Hizer, Esq. (0075033)
Law Office of Brian A. Hizer
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
Phone : 419-841-3600
Fax : 419-842-9966
Email: brianahizer@bex.net

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on this February 17, 2026 to:

Michael J. Frantz Jr.
Kelly C. Bokoch
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
mjfrantzjr@frantzward.com
kbokoch@frantzward.com
Attorney for Defendants
PAMT Investment Group, LLC and GH Drive Hotels, LLC

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)